# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS GALLARDO, | Case No. 1:17-cv-00390-SAB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| STU SHERMAN, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff Angel Luis Gallardo, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed November 25, 2016. On March 14, 2017, this action was transferred from the Northern District of California and assigned to the undersigned.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On November 13,2015, while housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, Plaintiff and his cellmate were sprayed with three cans of pepper spray by M. Garcia, Correctional Officers J. Reyes, and D. Martin due to an in cell incident. (Compl. 3.) The officers then took Plaintiff and his cellmate to the showers to be rinsed off. (Compl. 3.) After Plaintiff and his cellmate had been placed in a stand up cell for an hour, Sergeant M. Garcia told Correctional Officer Martin to gather Plaintiff's cellmate's belongings so he could be moved to another cell. (Compl. 3.) Sergeant Garcia told Correctional Officer Reyes to place Plaintiff back in his original cell and give him new bedding and cleaner to clean up the pepper spray. (Compl. 3.)

Plaintiff told Sergeant Garcia and Correctional Officer Reyes that he could not go back

because he has asthma. (Compl. 3.) Nurse Bracamonte came by and Plaintiff had him explain his medical condition to Sergeant Garcia. (Compl. 3, 5.) Sergeant Garcia and Correctional Officer Reyes still placed Plaintiff back in his cell to clean the cell up. (Compl. 5.)

After about fifteen minutes, Plaintiff was having trouble breathing and was unable to find his rescue inhaler. (Compl. 5.) Plaintiff told Correctional Officer Reyes to call Nurse Bracamonte. (Compl. 5.) Nurse Bracamonte came and gave Plaintiff a new inhaler. (Compl. 5.) Plaintiff asked Nurse Bracamonte to ask Sergeant Garcia to let him get some fresh air, but Nurse Bracamonte said he could not. (Compl. 5.)

Plaintiff brings this action against Warden Sherman, Sergeant Garcia, Correctional Officers Reyes and Martin, and Nurse Bracamonte[1] seeking compensation and for the defendants to be reprimanded. (Compl. 2.)

For the reasons discussed herein, Plaintiff has failed to state a cognizable claim. Plaintiff shall be granted the opportunity to file an amended complaint to correct the deficiencies identified in this order.

## III.

## DISCUSSION

### A. Linkage Requirement

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the

---

[1] Plaintiff identifies Bracamonte as a nurse in the allegations contained in the complaint, but in the section identifying the parties, Plaintiff states that Bracamonte is a "psyc tech." (Compl. 2.)

3

deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

While Plaintiff names Warden Sherman as a defendant in this action, the complaint is devoid of any factual allegations regarding any conduct by Warden Sherman. Rather, it appears that Plaintiff seeks to hold Warden Sherman liable based upon his position as warden at CSATF. As there is no respondeat superior liability under section 1983, Plaintiff has failed to state a claim against Warden Sherman.

### B. Deliberate Indifference

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While Plaintiff alleges that he told Sergeant Garcia and Correctional Officer Reyes that he could not go back because he has asthma, this is insufficient to show that Plaintiff was at a serious risk of harm. Sergeant Garcia spoke to Nurse Bracamonte and there are no allegations that Nurse Bracamonte indicated that Plaintiff would be at a serious risk of harm by being placed back in the cell. Further, based on the allegations in the complaint when Plaintiff complained of difficulty breathing and was unable to find his inhaler, Nurse Bracamonte was contacted and he

4

was provided with a replacement inhaler. Finally, while Plaintiff alleges that he asked to go outside to get some fresh air, the complaint is devoid of any factual allegations by which the Court can infer that he was at a serious risk of harm at the time. Iqbal, 556 U.S. at 678-79.

Plaintiff has failed to state a cognizable claim against Sergeant Garcia, Correctional Officers Reyes and Martin, and Nurse Bracamonte.

### C.   Injunctive Relief

Plaintiff seeks to have the defendants reprimanded by the California Department of Corrections and Rehabilitation ("CDCR"). Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." " 'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' " Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004). Indeed, a court's duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which courts are ill-equipped. Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff may not receive injunctive relief to require CDCR to reprimand any named defendant because CDCR is not a party to this action.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 25, 2016, is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE

6