# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS GALLARDO,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00390-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN EVIDENTIARY HEARING, AND DENYING, WITHOUT PREJUDICE, REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 14] |

    Plaintiff Angel Luis Gallardo is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's request for an evidentiary hearing and assistance in litigating this action, filed June 7, 2017.

    Plaintiff's request for an evidentiary hearing is misplaced. As Plaintiff was advised in the Court's May 1, 2017, screening order, the Court is required to screen is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On May 1, 2017, the Court screened and dismissed Plaintiff's original complaint with leave to amend. Plaintiff filed his first amended complaint on May

1

25, 2017, which is pending before the Court for screening. There is no entitlement to an evidentiary hearing in order to determine whether Plaintiff's amended complaint states a cognizable claim for relief, and Plaintiff's request must be denied. Plaintiff is advised that the Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts. Due to the heavy caseload, Plaintiff's amended complaint is still awaiting screening.

To the extent Plaintiff seeks appointment of counsel, Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court has yet to screen Plaintiff's amended complaint and based on a cursory review of the

///
///
///

2

complaint, the Court does not find the required exceptional circumstances. Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**June 9, 2017**__

UNITED STATES MAGISTRATE JUDGE