UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS GALLARDO,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00390-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 32] |

Plaintiff Angel Luis Gallardo is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for the appointment of counsel, filed December 7, 2017. Defendant Garcia filed an opposition on December 12, 2017.

Plaintiff asserts that he is unable to afford counsel, that imprisonment limits his ability to litigate due to ad-seg placement and frequent lockdowns, and that the issues of his case are complex and better presented by counsel.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court does not find the required exceptional circumstances.

To the extent Plaintiff is unable to comply with a deadline due to limited access to his legal property, to a law library, or due to a lockdown, Plaintiff may seek a reasonable extension of time. To do so, Plaintiff may file a motion supported by good cause prior to the expiration of such a deadline. As noted above, these issues are not sufficient alone to constitute exceptional circumstances warranting a search for voluntary counsel to appoint in this case.

Accordingly, Plaintiff's second motion for appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 14, 2017**

UNITED STATES MAGISTRATE JUDGE