1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANGEL LUIS GALLARDO,                    )   Case No. 1:17-cv-00390-SAB (PC)
                                              )
12                   Plaintiff,               )
                                              )   ORDER DENYING PLAINTIFF'S MOTION TO
13        v.                                  )   AMEND THE COMPLAINT AND REQUEST FOR
                                              )   APPOINTMENT OF COUNSEL
14   STU SHERMAN, et al.,                     )
                                              )   [ECF Nos. 48, 51]
15                   Defendants.              )
                                              )
16   _____ )

17          Plaintiff Angel Luis Gallardo is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion to submit an amended complaint and request

20   for appointment of counsel, filed on November 9, 2018, and Plaintiff's motion to amend the

21   complaint, filed on December 17, 2018.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                               1

# I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants M. Garcia, J. Reyes, and D. Martin for deliberate indifference to a serious medical need and intention infliction of emotional distress.[1]

On November 27, 2017, Defendants Martin and Reyes filed an answer to the operative complaint. On November 29, 2017, Defendant Garcia filed an answer to the operative complaint.

On December 5, 2017, the Court issued the discovery and scheduling order.

On July 18, 2018, after an unsuccessful settlement conference, the Court issued an amended discovery and scheduling order, setting the deadline to amend the pleadings as November 5, 2018.

As previously stated, on November 9, 2018, Plaintiff filed a motion to submit an amended complaint and request for appointment of counsel, along with a proposed third amended complaint. On December 17, 2018, Plaintiff filed a motion to amend the complaint.

Defendant Garcia filed an opposition on November 21, 2018.

# II.

## DISCUSSION

### A.    Motion to Amend Complaint

Contrary to Defendant Garcia's argument, Plaintiff's motion to amend appears timely under the Court's amended scheduling order. Although Plaintiff did not attach a separate proof of service reflecting the date the motion was served, it is nonetheless self-dated by Plaintiff as October 28, 2018, and it was filed in the Court on November 9, 2018 (just four days after the deadline expired). Considering Plaintiff's incarceration status, the Court finds Plaintiff's motion to be timely filed. Therefore, Rule 15, and not Rule 16, applies. That said, for the reasons explained below, Plaintiff's motion must be denied.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may

---

[1] Defendants Martin and Reyes are represented by Deputy Attorney General Lucas Hennes, and Defendant Garcia is represented by Lynne Stocker, Esq.

amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

As an initial matter, the Court's deadline to amend the pleading did not give Plaintiff the automatic right to amend his complaint. Plaintiff seeks to add allegations that Defendants "falsified records." Plaintiff contends that the second amended complaint does not add new allegations, as the allegations are "written up" on the grievance form and he is just clarifying his complaint. The additional allegations set forth in Plaintiff's proposed third amended complaint (ECF No. 49), are new and additional allegations not set forth in the operative second amended complaint. However, the new allegations fail to give rise to a cognizable constitutional violation, and amendment is futile. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D.Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D.Cal. Nov. 26, 2012)

("The Constitution demands due process, not error-free decision-making.")); <u>Johnson v. Felker</u>, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D.Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989) and <u>Freeman v. Rideout</u>, 808 F.2d 949, 951-53 (2d. Cir. 1986)). Accordingly, Plaintiff's motion to amend the complaint is denied.

### B. Request for Appointment of Counsel

Plaintiff seeks appointment of counsel because if the case goes to trial he change of prevailing is "very slim" based on his incarceration.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court does not find the required exceptional circumstances. Accordingly, Plaintiff's request for appointment of counsel shall be denied.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motions to amend the complaint are denied; and

2.    Plaintiff's request for appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **January 15, 2019**

UNITED STATES MAGISTRATE JUDGE