# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS GALLARDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00390-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 56, 61] |

Plaintiff Angel Luis Gallardo is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants Reyes and Martin's motion for summary judgment, filed February 28, 2019, and Defendant Garcia's motion for summary judgment, filed March 5, 2019.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants M. Garcia, J. Reyes, and D. Martin for deliberate indifference to a serious medical need and intention infliction of emotional distress.[1]

///

///

---

[1] Defendants Martin and Reyes are represented by Deputy Attorney General Lucas Hennes, and Defendant Garcia is represented by Lynne Stocker, Esq.

1

| | |
|---|---|
| 1 | On November 27, 2017, Defendants Martin and Reyes filed an answer to the operative |
| 2 | complaint. On November 29, 2017, Defendant Garcia filed an answer to the operative complaint. |
| 3 | On December 5, 2017, the Court issued the discovery and scheduling order. |
| 4 | On July 18, 2018, after an unsuccessful settlement conference, the Court issued an amended |
| 5 | discovery and scheduling order. |
| 6 | As previously stated, on February 28, 2019, Defendants Reyes and Martin filed a motion for |
| 7 | summary judgment. On March 5, 2019, Defendant Garcia filed a motion for summary judgment. |
| 8 | Plaintiff filed an opposition to both motions on June 24, 2019, and Defendants filed a reply on June |
| 9 | 27, 2019.[2] |

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

///

///

---

[2] Concurrently with their motions for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998); ECF Nos. 56, 62.

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

## III.

## DISCUSSION

### A. Summary of Plaintiff's Complaint

On November 13, 2015, while housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, Plaintiff and his cellmate were sprayed with pepper spray by M. Garcia ("Garcia"), Correctional Officers J. Reyes, and D. Martin due to an in cell incident. The officers then took Plaintiff and his cellmate to the showers to be decontaminated. After decontamination, Sergeant Garcia told Correctional Officers Martin and Reyes to place Plaintiff back in his original cell.

Plaintiff told Sergeant Garcia and Officer Reyes that he could not go back to his cell as he suffers from asthma. Nurse Bracamonte came by and Plaintiff had him clearly explain his medical condition to Sergeant Garcia, and Correctional Officers Martin and Reyes. Even after Nurse Bracamonte's explanation, Sergeant Garcia ordered Correctional Officers Reyes and Martin to place Plaintiff back in his cell.

After about fifteen minutes, Plaintiff was having trouble breathing and began wheezing. Defendants told Plaintiff he would be ok since he has a rescue inhaler in the cell. It was then Plaintiff informed Defendants the rescue inhaler was not in the cell. This prompted the Defendants to begin looking for the inhaler. In the meantime, Nurse Bracamonte arrived at Plaintiff's cell and informed Plaintiff he spoke with Sergeant Garcia on his behalf asking for Plaintiff to be removed from the cell, nevertheless Plaintiff was still not allowed out of his cell.

///
///

**B. Statement of Undisputed Facts[3]**

1. At all times relevant to this action, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) housed at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California. (Second Am. Compl, ECF No. 17 at 3.)

2. On November 13, 2015, Plaintiff and his cellmate engaged in a fight inside their cell. (Deposition of Plaintiff ("Dep.") at 23:1-3, Ex. A to Declaration of Lucas L. Hennes.)

3. To end the fight, correctional officers used pepper spray on Plaintiff and his cellmate. (ECF No. 17 at 3, Dep. at 23:4-14.)

4. Plaintiff and his cellmate did not comply with orders to stop fighting until three cans of pepper spray had been disbursed into his cell. (Dep. at 28:6-15.)

5. After Plaintiff and his cellmate complied with orders to stop fighting and submitted to handcuffs, Defendants Garcia and Reyes took Plaintiff to the showers to be decontaminated from the pepper spray. (Dep. at 23:11-14, 30:13-20.)

6. Plaintiff was not able to see into his assigned cell from the shower. (Dep. at 31:5-7.)

7. After Plaintiff was decontaminated in the shower, he did not have any trouble breathing. (Dep. at 31:11-16.)

8. After decontamination in the shower, Plaintiff was placed into a holding cell for two hours and thirty minutes. (Dep. at 32:6-33:3, 34:5-22.)

9. Plaintiff was medically evaluated within ten minutes of being placed in the holding cell. (Dep. at 33:4-6.)

10. Plaintiff did not have any trouble breathing while he was in the holding cell. (Dep. at 33:15-17, 35:6-8.)

11. Defendant Martin conducted wellness checks every fifteen minutes while Plaintiff was

---

[3] The Court has complied and incorporated the statement of undisputed facts from both Defendants' motions where they are not materially different and are relevant to both motions. In addition, Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed. Local Rule 56-260(b). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

in the holding cell. (Dep. at 34:1-35:5; Declaration of D. Martin, Ex. A.)

12. At 9:30 a.m. on November 13, 2015, Plaintiff was informed that he was going back to his original cell. (Dep. at 35:12-15.)

13. Defendants Reyes and Martin escorted Plaintiff back to his original cell. (Dep. at 38:10-12.)

14. Plaintiff did not have trouble breathing until approximately twenty minutes after he was first placed back into the cell. (Dep. at 40:4-16.)

15. At the point Plaintiff began to have trouble breathing, none of the Defendants were present near the cell. (Dep. at 40:17-19.)

16. Approximately fifth minutes after Plaintiff was placed back into his cell, Defendant Reyes walked by the cell and Plaintiff informed him that he was having problems breathing. (Dep. at 41:11-25.)

17. Plaintiff also informed Defendant Reyes that he could not find his rescue inhaler. (Dep. at 42:1-11, 44:1-3.)

18. After Plaintiff informed Defendant Reyes that he could not find his rescue inhaler, Defendant Reyes left and informed Nurse Bracamonte of the problem. (Dep. at 44:4-11.)

19. Nurse Bracamonte spoke with Plaintiff regarding his missing inhaler, and approximately thirty to forty-five minutes later, Nurse Bracamonte provided Plaintiff with another inhaler. (Dep. at 44:8-45:7.)

20. Nurse Bracamonte explained to Defendant Garcia that Plaintiff had asthma and that his rescue inhaler was missing. (Dep. at 68:16-25.)

21. When Defendant Garcia learned that Plaintiff suffered from asthma and that his inhaler was missing, he searched the cellmate's property for it. (Dep. at 45:8-11.)

22. After Plaintiff received his new rescue inhaler, he did not have any trouble breathing. (Dep. at 45:17-21.)

23. Plaintiff never told Defendant Garcia that he was having trouble breathing. (Dep. at 50:2-7.)

24. Plaintiff never told Defendant Martin he was having trouble breathing. (Dep. at 51:24-

5

25.)

26. 25. Plaintiff doesn't know if anyone else told Defendant Martin that he was having trouble breathing. (Dep. at 52:1-3.)

26. Plaintiff doesn't know how long it takes pepper spray to disperse in air. (Dep. at 45:14-16.)

27. When a cell is properly ventilated, any pepper spray in that cell typically is deactivated after a few minutes. (Declaration of D. Martin ¶ 4.)

28. Defendant Martin was not informed any time on or before November 13, 2015 that Plaintiff was diagnosed with asthma. (Id. ¶ 3.)

### D. Analysis and Findings on Defendants' Motion

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1113; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

A plaintiff can establish deliberate indifference by demonstrating that officers failed to properly decontaminate him from the effects of pepper spray. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, the plaintiff must first establish that the defendant was subjectively aware of the risk of serious injury from the failure to decontaminate, yet disregarded that risk. Id. In Clement, the Ninth Circuit affirmed the denial of summary judgment as to whether the officers were deliberately indifferent to the inmate's medical care by failing to provide quick decontamination from the use of pepper spray, namely, a delay of four hours in providing a shower to the inmate. However, the Court refused to draw a bright line test for the amount of time that may pass before prison officials must provide decontamination. Id. Indeed, the Court held that only purposeful refusal to decontaminate the inmate, done with the intent to cause the inmate to suffer the known effects of the pepper spray, constitutes deliberate indifference under the Eighth Amendment. Id.

1. Defendants Reyes and Martin

Defendants Reyes and Martin argue that Plaintiff cannot meet his burden of proof because he cannot show that they disregarded any known risk of harm he faced.

In opposition, Plaintiff submits that on November 13, 2015, he was involved in a cell fight which resulted in the use of force which included pepper spray and grenades to quall the incident. (Pl.'s Opp'n at 4, ECF No. 70.) Plaintiff argues that Defendants Martin and Reyes knowingly placed him back into his assigned cell that was not decontaminated of the pepper spray. (Id.) Approximately fifty-five minutes later, Plaintiff notified Defendant Martin that he was having difficulty breathing and that his inhaler was missing. (Id.) Martin then notified the medical department. (Id.) About ten to fifteen minutes later, Nurse Bracamonte arrived at Plaintiff's cell. (Id.) Plaintiff informed Bracamonte that his inhaler was missing and he was having difficulty breathing due to the pepper spray. (Id.) Bracamonte then notified Defendants Garcia, Martin and Reyes of the missing inhaler and advised Defendants to place Plaintiff in an aired area. (Id.) Approximately forty minutes later, Bracamonte returned with a new inhaler because staff were unable to locate the missing inhaler. (Id. at 5.) Plaintiff was still in the contaminated cell and had not been moved to an aired area as advised by Bracamonte. (Id.)

///

It is undisputed that On November 13, 2015, Plaintiff and his cellmate engaged in a fight inside their cell. (Dep. at 23:1-3, Ex. A to Declaration of Lucas L. Hennes.) To end the fight, correctional officers used pepper spray on Plaintiff and his cellmate. (ECF No. 17 at 3, Dep. at 23:4-14.) Plaintiff and his cellmate did not comply with orders to stop fighting until three cans of pepper spray had been disbursed into his cell. (Dep. at 28:6-15.) After Plaintiff and his cellmate complied with orders to stop fighting and submitted to handcuffs, Defendants Garcia and Reyes took Plaintiff to the showers to be decontaminated from the pepper spray. (Dep. at 23:11-14, 30:13-20.) Plaintiff was not able to see into his assigned cell from the shower. (Dep. at 31:5-7.) After Plaintiff was decontaminated in the shower, he did not have any trouble breathing. (Dep. at 31:11-16.) After decontamination in the shower, Plaintiff was placed into a holding cell for two hours and thirty minutes. (Dep. at 32:6-33:3, 34:5-22.)

At his deposition, Plaintiff unequivocally testified that he did not advise Defendant Martin that he could not breathe, he was not aware if anyone else advised Martin, and that he specifically told Defendant Reyes that he was having trouble breathing. (Pl.'s Dep. at 51-52.) Further, the undisputed evidence demonstrates that Defendant Martin was in charge of routine checks every fifteen minutes while Plaintiff was in the holding cell from 7:00 to 9:30 a.m. immediately following the fight with his cellmate. (Martin Decl., Ex. A.) Now, in his opposition and without explanation, Plaintiff's states that after he returned to his original cell he told Defendant Martin he could not breathe, but he does not mention that he told Defendant Reyes.[4] Nonetheless, even viewing the evidence in the light most favorable to Plaintiff, there is insufficient evidence to support the finding that either Defendant Martin

---

[4] "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009) (quoting Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991)). "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Id. (quoting Kennedy, 952 F.2d at 266). However, the Ninth Circuit has urged caution in applying this rule, and the Court imposed two limitations to the application of the rule. First, the district court must make a "factual determination that the contradiction was actually a 'sham'" as opposed to an honest discrepancy, mistake, or newly discovered evidence. Kennedy, 952 F.2d at 267. Second, "the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." Van Asdale, 577 F.3d at 998-99. Here, the statement in Plaintiff's opposition that he advised Defendant Martin that he was having trouble breathing when he returned to his assigned cell appears to be an inadvertent mistake, as all of Plaintiff's other statements and other the evidence before the Court support the finding that Plaintiff advised Defendant Reyes only.

or Reyes had the requisite state of mind, i.e. that they purposefully refused to decontaminate Plaintiff with the intent to cause the inmate to suffer the known effects of the pepper spray. Clement v. Gomez, 296 F.3d at 904.

Unlike Clement, Plaintiff was promptly provided a shower and medical attention following the use of the pepper spray. Plaintiff was medically evaluated within ten minutes of being placed in the holding cell. (Dep. at 33:4-6.) Plaintiff did not have any trouble breathing while he was in the holding cell. (Dep. at 33:15-17, 35:6-8.) Defendant Martin conducted wellness checks every fifteen minutes while Plaintiff was in the holding cell. (Dep. at 34:1-35:5; Declaration of D. Martin, Ex. A.) At 9:30 a.m. on November 13, 2015, Plaintiff was informed that he was going back to his original cell. (Dep. at 35:12-15.) Defendants Reyes and Martin escorted Plaintiff back to his original cell. (Dep. at 38:10-12.) Plaintiff did not have trouble breathing until approximately twenty minutes after he was first placed back into the cell. (Dep. at 40:4-16.) At the point Plaintiff began to have trouble breathing, none of the Defendants were present near the cell. (Dep. at 40:17-19.) Approximately 50 minutes after Plaintiff was placed back into his cell, Defendant Reyes walked by the cell and Plaintiff informed him that he was having problems breathing. (Dep. at 41:11-25.) Plaintiff also informed Defendant Reyes that he could not find his rescue inhaler. (Dep. at 42:1-11, 44:1-3.) After Plaintiff informed Defendant Reyes that he could not find his rescue inhaler, Defendant Reyes left and informed Nurse Bracamonte of the problem. (Dep. at 44:4-11.) Nurse Bracamonte spoke with Plaintiff regarding his missing inhaler, and approximately thirty to forty-five minutes later, Nurse Bracamonte provided Plaintiff with another inhaler. (Dep. at 44:8-45:7.)

The fact Defendants Garcia and Reyes took Plaintiff to the showers to be decontaminated from the pepper spray and placed him a holding cage thereafter (Dep. at 23:11-14, 30:13-20), indicates they were in fact aware of the conditions Plaintiff faced, and took steps to prevent unnecessary injury and pain. Plaintiff's deposition testimony demonstrates that when Plaintiff complained of breathing problems, Defendant Reyes promptly sought assistance for him. The fact that Plaintiff believes he should not have been placed back in his original cell, or it took too long to discover that he was without his inhaler and to provide a replacement one, does not give rise to a claim for deliberate indifference against either Martin or Reyes. The undisputed facts demonstrate that neither Defendant

9

knew that Plaintiff was without his inhaler when he was placed back in his cell, and after he complained of breathing problems in his assigned cell, he was provided a replacement inhaler within approximately forty minutes. Based on the facts and evidence presented, the deprivation of Plaintiff's inhaler as alleged does not demonstrate deliberate indifference. In sum, Plaintiff has not provided evidence to infer that Defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Accordingly, Defendants Martin and Reyes's motion for summary judgment should be granted.

2. Defendant Garcia

Defendant Garcia argues that there is no evidence to support the finding that he acted with deliberate indifference to Plaintiff's serious medical needs, and the evidence supports that he acted promptly and reasonably in response to Plaintiff's condition when he learned of it.

In opposition, Plaintiff submits that on November 13, 2015, he was involved in a cell fight with resulted in the use of force which included pepper spray and grenades to quall the incident. (Pl.'s Opp'n at 4, ECF No. 70.) Plaintiff argues that Defendants Martin and Reyes knowingly placed him back into his assigned cell that was not decontaminated of the pepper spray. (Id.) Approximately fifty-five minutes later, Plaintiff notified Defendant Martin that he was having difficulty breathing and that his inhaler was missing. (Id.) Martin then notified the medical department. (Id.) About ten to fifteen minutes later, Nurse Bracamonte arrived at Plaintiff's cell. (Id.) Plaintiff informed Bracamonte that his inhaler was missing and he was having difficulty breathing due to the pepper spray. (Id.) Bracamonte then notified Defendants Garcia, Martin and Reyes of the missing inhaler and advised Defendants to place Plaintiff in an aired area. (Id.) Approximately forty minutes later, Bracamonte returned with a new inhaler because staff were unable to locate the missing inhaler. (Id. at 5.) Plaintiff was still in the contaminated cell and had not been moved to an aired area as advised by Bracamonte. (Id.)

It is undisputed that Plaintiff never told Defendant Garcia that he was having trouble breathing. (Dep. at 50:2-7.) Nurse Bracamonte explained to Defendant Garcia that Plaintiff had asthma and that his rescue inhaler was missing. (Dep. at 68:16-25.) When Defendant Garcia learned that Plaintiff suffered from asthma and that his inhaler was missing, he searched the cellmate's property for it.

10

(Dep. at 45:8-11.) Thus, Defendant Garcia's conduct was a reasonable attempt to subdue any risk to Plaintiff's health. Further, Plaintiff was provided a new inhaler approximately forty minutes after Garcia learned it was missing. (Dep. at 44:8-45:7.) After Plaintiff received his new rescue inhaler, he did not have any trouble breathing. (Dep. at 45:17-21.) Based on the evidence presented, it is undisputed that Defendant Garcia did not know of or disregard an excessive risk to Plaintiff's health and safety. Accordingly, Defendant Garcia is entitled to summary judgment.[5]

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motions for summary judgment be granted; and

2. Judgment be entered in favor of Defendants Reyes, Martin and Garcia.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 28, 2019**__

UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court finds that Defendants are entitled to judgment on the merits, it need not reach the issue of qualified immunity.